**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
|  | **CIVIL ACTION NO.:** |
| **JANIE T. POLAY** |  |
| **PLAINTIFF** |  |
| v. | **CIVIL COMPLAINT** |
| **CITY OF LOWELL, THOMAS KENNEDY, LESLIE KENNEDY, AND KENNETH LAVALLEE** |  |
| **DEFENDANTS** |  |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Janie T. Polay (hereinafter "Polay") is an individual residing at 25 Westview Road, Lowell, MA. 01851.

2. Defendants Thomas and Leslie Kennedy are a married couple residing at 29 Westview Road, Lowell, MA 01851. Thomas Kennedy a Captain with the Lowell Police Department is being named in both his individual and official capacity.

3. Kenneth Lavallee is the Superintendent of the Lowell Police Department and is being named in his individual and official capacity.

4. The City of Lowell is a municipality situated in Middlesex County of the Commonwealth of Massachusetts.

5. This cause of action arises under The Federal Civil Rights Act, 42 U.S.C.S. § 1983, The Massachusetts Civil Rights Act, M.G. L. ch. 12 §§ 11H and 11I and The Massachusetts Tort Claims Act M.G.L. ch.258.

**JURISDICTION AND VENUE**

1

6. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, the federal statute in question being The Federal Civil Rights Act, 42 U.S.C.S. § 1983.

7. This Court has supplemental, pendant, and/or ancillary jurisdiction pursuant to 27 U.S.C. §1367(a) over the Massachusetts state law claims, because these claims are so related to claims in the action within such original jurisdiction that it forms part of the same case or controversy.

8. Venue is proper in the United States District Court of Massachusetts because the Defendants; a Massachusetts City and Massachusetts residents committed the acts complained of herein in Massachusetts.

## STATEMENT OF FACTS

9. Polay is a 58-year-old woman (DOB 04/03/49).

10. Polay and her companion Bill Morse (hereinafter "Morse") moved into their current residence (next door to Defendants Mr. and Mrs. Kennedy) on March 22, 2002.

11. Beginning on or about May 2002 Polay began receiving complaints from neighbors who felt she should not sunbathe in her yard in her chosen attire.

12. On or about July 10, 2002 two cars from the Lowell Police Department arrived at Polay's house and spent approximately forty-five minutes informing Polay that she should not sunbathe wearing a revealing bathing suit.

13. Beginning with an article in the Lowell Sun newspaper on October 19 2002 and continuing through November of 2007 Polay has been the subject of numerous articles referencing her neighbors' dismay over how she chooses to dress and what works of art she owns. She was also a regular caller on local talk radio voicing her opinions and concerns regarding how a particular Lowell Police Captain was wasting taxpayer money.

14. During this same time period Polay made several complaints to the Lowell Police Department regarding Captain Kennedy's improper use of police equipment including speeding down the street with the siren on for the entertainment of his son.

15. On or about June 2006 Polay voiced her concerns about the placing of curbstones in front of her house at the request of Thomas Kennedy as he was having them placed in front of his house as well.

16. Following the "curbstone dispute" Polay became the victim of ongoing harassment involving parking issues, property damage, and defamatory attacks by the Kennedys and their visiting relatives.

17. On or about December 18, 2006 Polay began the first in a series of complaints to Lowell Police Superintendent Kenneth Lavallee (hereinafter "Lavallee") about the ongoing issues of harassment directed at her by the Kennedys as well as specific actions on the part of Thomas Kennedy and members of the Lowell Police Department that Polay felt were harassing. Polay was also very vocal regarding what she perceived to be Captain Thomas Kennedy's abuse of his police power and his wasting of taxpayer's dollars.

18. On or about April 24, 2007 Polay noticed Thomas Kennedy looking at her bedroom window with binoculars. Previously to this incident he would shine a spotlight at their windows.

19. On or about the same day Leslie Kennedy called her husband telling him that there was a poster in the bedroom window of Polay's house depicting Polay dressed in a bathing suit. In response to the call numerous police officers and two detectives from the Criminal Investigation Division arrived at the Kennedy residence to photograph the poster believing it to be obscene.

20. On April 25, 2007 Lavallee sent Captain Stavley to the Kennedy home to determine if the poster was obscene or in anyway illegal. After viewing the poster, Captain Stavely filed a written report to Lavallee stating that the poster was not obscene.

21. On May 30, 2007 Lt. Richardson sent Inspector Christopher Panagiotakos to the Kennedy residence to photograph another poster, which was placed in Polay's upstairs bedroom. This poster was in no way obscene.

22. On May 31, 2007 Mrs. Kennedy provided a statement that was recorded by Lowell Police Detective Tracy Kelly. Based upon Mrs. Kennedy's statement Lt. K. Richardson of the Lowell Police Department Criminal Investigation Bureau requested a Clerk Magistrate's hearing. Lt. Richardson requested Polay be charged with Open and Gross Lewdness G.L. 272:16 and Dissemination of Obscene material to a minor G.L. 272:28.

23. After a full hearing in the Ayer District Court, the Magistrate determined that there was no probable cause and the complaint did not issue.

24. The City of Lowell filed an Appeal on October 10, 2007 at the Ayer District Court.

25. On February 1, 2008 a hearing was held before Judge Anthony Sullivan. After taking testimony for two and one half hours the Commonwealth withdrew the

3

Appeal.

26. On February 15, 2008 Polay received a summons to appear on March 14, 2008 at the Concord District Court for an Arraignment. Five offense counts are listed; the first three are the same counts from the prior complaints and the additional two are for alleged criminal harassment having occurred in December 2007 allegedly with Captain Thomas Kennedy as the victim.

## COUNT I
## MALICIOUS PROSECUTION
**DEFENDANTS THOMAS KENNEDY (in his individual capacity) AND LESLIE KENNEDY**

27. Plaintiff incorporates herein by reference paragraphs 1 through 26, inclusive of this Complaint.

28. In retaliation against Polay for exercising her first amendment rights to freedom of speech and freedom of expression Defendants, with malice, brought numerous frivolous criminal complaints against Polay.

29. As evidenced by statements from Captain Stavely there was no probable cause to issue the complaints, as the art in question was not obscene.

30. The Clerk Magistrate for Ayer District Court after a full hearing dismissed the complaint finding lack of probable cause.

31. Polay has incurred economic and emotional distress damages as a result of having to defend herself against the baseless allegations.

Wherefore, Plaintiff prays that judgment be entered against Defendant in an amount that will fairly and adequately compensate Plaintiff for all damages incurred together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II
## ABUSE OF PROCESS
**DEFENDANT THOMAS KENNEDY IN HIS INDIVIDUAL CAPACITY**

32. Plaintiff incorporates herein by reference paragraphs 1 through 31, inclusive of this Complaint.

33. Defendant Thomas Kennedy has engaged in a relentless campaign of harassment by using the criminal compliant process to pursue frivolous criminal complaints as well as an appeal of complaints that have been dismissed for lack of probable cause against Polay.

34. Defendant Thomas Kennedy has engaged the criminal complaint process for the sole purpose of harassing Polay in retaliation for her voicing complaints about Kennedy in his official capacity as a Police Captain for the City of Lowell.

35. By using the criminal complaint process and police powers for this illegitimate purpose Defendant Thomas Kennedy has caused Polay severe emotional and economic damage.

Wherefore, Plaintiff prays that judgment be entered against Defendant in an amount that will fairly and adequately compensate Plaintiff for all damages incurred together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT III
## NEGLIGENCE
## IN HIRING, SUPERVISING, PROMOTING AND TRAINING, DEFENDANTS CITY OF LOWELL AND SUPERINTENDENT LAVALLEE

36. Plaintiff incorporates herein by reference paragraphs 1 through 35, inclusive of this Complaint.

37. Defendants had a duty to Polay as a resident of Lowell. They breached that duty by failing to properly train and supervise their police officers thereby allowing them to conduct incessant surveillance, file frivolous criminal complaints, and otherwise continuously harass Polay.

38. But for Defendants negligence in supervising, training and promoting Polay would not have been subjected to ongoing harassment, ridicule and defamation.

39. Polay has suffered severe economic and emotional distress due to the negligent acts of the Defendants.

Wherefore, Plaintiff prays that judgment be entered against Defendant in an amount that will fairly and adequately compensate Plaintiff for all damages incurred together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**DEFENDANTS THOMAS AND LESLIE KENNEDY AND THE CITY OF LOWELL.**

40. Plaintiff incorporates herein by reference paragraphs 1 through 39, inclusive of this Complaint.

41. By filing numerous frivolous criminal complaints against Polay Defendants intended to or should have known that they would inflict severe emotional distress upon Polay. Their conduct was and is extreme and outrageous and beyond all bounds of human decency.

42. The actions of the Defendants are the cause of Polay's emotional distress and that distress is severe and is causing Polay ongoing pain and suffering.

Wherefore, Plaintiff prays that judgment be entered against Defendant in an amount that will fairly and adequately compensate Plaintiff for all damages incurred together with interest, costs and such other relief as this Honorable Court may deem appropriate.

### COUNT V
### DEFAMATION, LIBEL AND SLANDER PER SE
### DEFENDANTS THOMAS AND LESLIE KENNEDY

43. Plaintiff incorporates herein by reference paragraphs 1 through 42, inclusive of this Complaint.

44. By accusing Polay of crimes involving moral turpitude and by publishing same verbally and in writing, Defendants have placed Polay in a position whereby reasonable people could view her with contempt, disgrace and or ridicule.

45. Polay is being shunned by fellow residents of Lowell and as a result she is experiencing severe emotional distress.

Wherefore, Plaintiff, Polay prays that judgment be entered against Defendants in an amount that will fairly and adequately compensate her for all damages recoverable together with interest, costs, attorney's fees and such other relief as this Honorable Court may deem appropriate.

### COUNT VI
### VIOLATION OF U.S.C. § 1983
### DEFENDANTS THOMAS KENNEDY AND KENNETH LAVALLEE

46. Plaintiff incorporates herein by reference paragraphs 1 through 45, inclusive

of this Complaint.

47. Plaintiff is a United States citizen with rights guaranteed to her by the United States Constitution.

48. Defendants are employees of the Lowell Police Department and have been employed continuously from before the date of the above stated counts to the present.

49. The Defendants acting under the color of law violated the Plaintiff's first and fourteenth amendment rights.

50. Defendants retaliated against Plaintiff for exercising her right of freedom speech. Their issuance of numerous frivolous criminal complaints is conscience shocking and in violation of her right to due process.

51. As a result of these criminal complaints Plaintiff has suffered damage to her reputation and was required to defend herself in Ayer and Concord District Courts.

52. Plaintiff has suffered severe emotional distress and has incurred economic damages by having to repeatedly defend against baseless charges.

Wherefore, Plaintiff, Polay prays that judgment be entered against Defendants in an amount that will fairly and adequately compensate her for all damages recoverable together with interest, costs, attorney's fees and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

.

Dated: March 13, 2008                               Respectfully submitted,

                                                    Janie T. Polay by her attorney,

                                                    Elayne N. Alanis

/s/Elayne N. Alanis

Elayne N. Alanis, BBO#660365
10 Tremont Street, Third Floor
Boston, MA  02108
Phone 617-263-1203
Fax 617-742-1724